The Honorable Tom Collier State Representative 2713 Ivy Drive Newport, Arkansas 72212-2413
Dear Representative Collier:
This is in response to your request for an opinion on several questions concerning the expenditure of school funds. Specifically, you note that Op. Att'y Gen. 91-411, a copy of which is enclosed, addressed several issues regarding the use of school funds. This opinion concluded generally that the expenditure of school funds for such purposes as birthday or Christmas parties, travel expenses of spouses of school officials, and flowers, gifts and cards for school employees and their relatives is unlawful. You have posed four additional questions in this vein as follows:
 1) May a school district use profits from school soft drink machines or sales of school supplies to students to hold an end of the year awards luncheon for school employees?
 2) May a principal take honor students to a local restaurant as a reward for making all A's during a nine week grading period and pay for the meal from profits earned from soft-drink machines or school supplies?
 3) May a school superintendent host luncheons for 35 honor graduates and pay for luncheons from interest produced by student activity funds?
 4) May a school purchase letter-jackets, sweaters, or plaques for student athletes from school athletic funds?
Opinion No. 91-411 set out the test to determine the legality of constitutionality of the expenditure of school funds. In addition to the express provisions of the Arkansas Constitution which control the expenditure of school funds (see Arkansas Constitution, art. 14, §§ 2 and 3), Opinion No. 91-411 also analyzes such expenditures under the broad "public purpose" doctrine. Expenditures are lawful under this doctrine if they primarily inure to benefit school purposes. Conversely, such expenditures are unlawful if they primarily inure to the benefit of a particular individual or individuals. As stated in Opinion No. 91-411, these types of issues should be addressed on a case-by-case basis.
Opinion No. 91-411 collects the sparse case law and secondary authority on point for the particular expenditures there at issue, and comes to general conclusions on those issues based on that authority. The questions you now pose are too specific to be addressed by any such authority. Rather, the issues you raise should be resolved (short of resort to the judiciary), through the exercise of the broad discretion vested in the local school boards. In short, any attempt on the part of this office to make such judgement calls would, in my opinion, amount to the substitution of Attorney General's judgment in such matters for that of the local school board. See Safferstone v. Tucker,235 Ark. 70, 357 S.W.2d 3 (1962) (local school boards are invested with broad discretion over operation of the schools, and chancery court had no power to interfere unless there is a clear abuse of discretion).
Local school boards should therefore make such determinations in light of the test set out above, and with the help of their own counsel. Any conclusive determinations on the topic must be made by the judicial branch.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
Enclosure